OYOLA, PLAINTIFF AND APPELLANT, *v.* HEIRS OF ANDRADE, DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2395.—Decided November 29, 1921.

APPEAL.—When the notice of appeal from a judgment of the district court rendered on appeal from a municipal court is filed after the expiration of the fifteen days allowed by section 295 of the Code of Civil Procedure, as amended on March 9, 1905, the appeal will be dismissed.

The facts are stated in the opinion.

*Mr. R. S. Pesquera* for the appellant.

*Mr. E. Márquez* for the appellees.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This case originated in the Municipal Court of Bayamón between Luis Oyola, plaintiff, and the heirs of Segundo Andrade or Miranda, defendants, to recover $359.60, and was tried *de novo* on appeal before the District Court of San Juan, Section 1, which by a judgment rendered and entered on May 15, 1920, dismissed the complaint. Notice of the judgment was given to the plaintiff two days thereafter, or on May 17, 1920.

From that judgment the plaintiff appealed to this court and the notice of appeal was filed in the clerk's office of the district court on June 12, 1920.

While the said appeal was pending the appellee moved

1

for its dismissal on the ground that it had been taken after the expiration of the time allowed by section 295 of the Code of Civil Procedure, as amended by the Act of March 9, 1905.

The said section of the code as amended provides that an appeal may be taken to the Supreme Court from a district court from a judgment rendered on an appeal from an inferior court, within fifteen days after the entry of such judgment, should the value of the property claimed or amount of the judgment not including products and interest thereon exceed $300, and section 2 of Act No. 70 of March 9, 1911, amending sections 92, 123, 227 and 299 of the Code of Civil Procedure, provides that in all cases in which an appeal may be taken a written notice of the judgment or action of the court shall be given to the losing party and a copy of such notice shall be filed with the papers in the case, and the time within which such appeal may be taken shall begin to run from the date of the filing of such notice among the papers.

Inasmuch as the record shows that notice of the judgment was given to the plaintiff on May 17, 1920, and that the notice of appeal was filed on June 12, 1920, it is clear that the appeal was taken twenty-six days after notice of the judgment and, therefore, after the expiration of the fifteen days within which it may be taken according to law.

The motion of the appellee must be sustained and the appeal from the judgment of May 15, 1920, dismissed, notice of this judgment to be given to the lower court for the resulting purposes.

*Appeal dismissed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.